UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
| | : | 09-CR-23 (JCH) |
| | : | |
| v. | : | |
| | : | |
| VICTOR ROBERSON | : | FEBRUARY 14, 2012 |
| | : | |

**RULING RE: MOTION FOR RETROACTIVE APPLICATION OF SENTENCING
GUIDELINES TO CRACK COCAINE OFFENSE, 18 U.S.C. § 3582 (DOC. NO. 1595)**

**I.     INTRODUCTION**

Victor Roberson seeks a reduction in the sentence imposed on February 5, 2010,

pursuant to 18 U.S.C. § 3582(c)(2).  See Motion (Doc. No. 1595).

On August 31, 2009, Roberson pled guilty to possessing with intent to distribute

cocaine base, in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(C).  See

Minute Entry (Doc. No. 869).  On February 5, 2010, this court sentenced Roberson to

90 months of imprisonment.  See Judgment (Doc. No. 1230).  The court determined that

Roberson's total offense level was 31,[1] and his criminal history category was V,

resulting in a guidelines imprisonment range of 168-210 months.  See Transcript of

Sentencing (Doc. No. 1296) at 6-7.  The court explicitly imposed "a non-guideline

sentence based on a disparity between crack and powder cocaine in the guidelines,"

and imposed a "sentence based on a 1:1 crack/powder ratio."  Judgment at 1.

Roberson now seeks a reduction in his sentence pursuant to the Fair Sentencing

Act of 2010 ("FSA").  See Motion for Resentencing.  Applying the Fair Sentencing Act to

---

[1] Although parties stipulated to offense conduct involving 300 grams of cocaine base in the plea agreement, the court found sufficient evidence to support a finding that more than 500 grams of cocaine base was involved in the defendant's conduct.  See Transcript of Sentencing (Doc. No. 1296) at 6-7.

the facts found at sentencing, Roberson's base offense level would be 29, and his criminal history category would remain at V.  The resulting guidelines range under the Fair Sentencing Act would therefore be 140-175 months of imprisonment.  See U.S.S.G. § 2D1.10(c)(4).

A defendant is eligible for resentencing under the FSA when an amendment lowers the guideline range applicable to the defendant.  See U.S.S.G. § 1B1.10 Comment 1(A).  In determining any reduction under 18 U.S.C. section 3582(c)(2), the court is instructed not to reduce a defendant's sentence to a term "less than the minimum of the amended guideline range."  U.S.S.G. § 1B1.10 Policy Statement (b)(2)(B).

Because Roberson's sentencing range under the amended guidelines would be well above the sentence he received, the Fair Sentencing Act would not permit any reduction in his sentence.  Roberson's counsel agrees with this conclusion.  See Defense Counsel's Response Re: Retroactive Application of the Fair Sentencing Act of 2010 (Doc. No. 1607) at 2 ("the Court's February 5, 2010 sentence was less than the amended range, thus making this defendant not eligible for a reduction").  Accordingly, Roberson's Motion (Doc. No. 1595) is **DENIED**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 14th day of February, 2012.

_____/s/ Janet C. Hall_____
Janet C. Hall
United States District Judge
